James DICKENS, Plaintiff-Respondent,

v.

Brainerd W. LA TOURETTE, Jr., et al.,
Defendants-Appellants.

No. 45960.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Barbara A. Enneking, Clayton, for defendants-appellants.

Ann Lemp, Clayton, for plaintiff-respondent.

KAROHL, Judge.

The Superintendent of Police of St. Louis County found police Officer James Dickens in violation of Article 16 of the Police Manual of Conduct and Discipline which deals generally with neglect of duty. The complaint stated that Dickens failed to take appropriate action to assist a fellow policeman, Officer Schmidt, in subduing a suspect, Overby, who was being arrested for peace disturbance. The complaint alleged that Schmidt was in a situation of imminent danger. The Superintendent's decision was based upon a departmental investigation. As discipline the Superintendent ordered Dickens to perform forty hours of extra duty without pay.

Dickens filed a timely appeal and was granted a contested, evidentiary hearing before the Board of Police Commissioners of St. Louis County pursuant to the Board's Rules of Appellate Procedure.

The Board made extensive findings of fact and conclusions of law. It found that while Dickens was facing Schmidt, standing a distance of four or five feet away, Schmidt and Overby were wrestling. A third party assisted Schmidt in handcuffing Overby. The Board found that Schmidt was exposed to danger or in a situation of imminent danger and, that Dickens knowingly did not take appropriate action required by Article 16.6 of the Police Manual of Conduct and Discipline. The Board ordered Dickens to perform 168 hours extra duty without pay.

The Board appeals a judgment of the circuit court in a proceeding brought pursuant to Chapter 536 RSMo 1978. The trial court affirmed as to the violation of Rule 16 but, as discipline, restored the forty hours extra duty originally imposed by the Superintendent. The trial court based its judg-

ment upon two grounds: (1) that the Board acted in excess of its statutory authority; and (2) that the enhancement of punishment was arbitrary, capricious and an abuse of discretion in that it had the *effect* of deterring the statutory right of appeal.

Appellant Board here argues that it acted within its authority in redetermining the punishment, that the evidentiary hearing before it was *de novo* of the Superintendent's decision, and that it was free to decide both the issue of violation of the rule, if any, and the proper discipline without reference to the Superintendent's order. We agree.

We first observe that Dickens did not file a cross-appeal. The Board's determination that Dickens violated Article 16 is therefore not disputed. Only the issues raised by the Board's appeal are here for decision. *Tellmann v. Civil Service Commission of St. Louis County*, 564 S.W.2d 226, 230 (Mo.App. 1978); *Wagner v. Wagner*, 465 S.W.2d 655, 657 (Mo.App.1971).

The main issue before us is whether the Board had authority to redetermine Dickens' punishment. As this is an administrative agency decision based on an interpretation of law, it is a matter for the independent judgment of the reviewing court, and correction where erroneous. *Staley v. Missouri Director of Revenue*, 623 S.W.2d 246, 248 (Mo. banc 1981); *St. Louis County v. State Tax Commission*, 562 S.W.2d 334, 337–38 (Mo. banc 1978).

We trace the Board's authority to Article VI, Section 18 of the Missouri Constitution. By that section's authority St. Louis County, Missouri is a government by charter. Two sections of the St. Louis County Charter are in point: Section 4.270.7(3), St. Louis County Charter, 1979, provides:

[The Board is] to hear and determine appeals from the decisions of the superintendent of police on disciplinary matters arising within the department . . . .

Section 4.270.7(7), St. Louis County Charter, 1979, provides:

[The Board is] to have such other powers and duties with respect to police adminis-

tration and law enforcement as the council may by ordinance provide . . . .

In turn, St. Louis County, Mo., Rev. Ordinances, § 701.050(4) (1968) authorizes the Board to:

Hear and determine appeals from the Superintendent on disciplinary matters in accordance with the rules of procedure set forth in the manual promulgated by the Board.

Finally, Rules 12 and 13 of the Rules of Appellate Procedure promulgated by the Board provide as follows:

12. *Scope of the Hearing:* The Board shall determine, solely upon the evidence presented and admitted at the hearing, whether or not the disciplinary order of the Superintendent was constitutional; was within his authority and jurisdiction; was an abuse of his discretion; was arbitrary capricious or unreasonable; was supported by competent and substantial evidence upon the whole record.

13. *Decision of the Board:* The Board shall make its findings of fact and conclusions of law on such issues as are presented at the hearing and shall render its decision in the manner provided by the Missouri Administrative Procedure Act.

The Board may affirm the action of the Superintendent, set aside the action of the Superintendent or direct the Superintendent to enter a *new order in accordance with the decision of the Board.* (emphasis added)

These provisions authorize the Board to hear the evidence *de novo* and to determine the extent of discipline. It was authorized to hear and determine the appeal and to "direct the Superintendent to enter a new order." Neither the possible range of discipline nor the standards to be used in determining it are before us. We hold that this Board hearing was *de novo* of the Superintendent's decision, *Heidebur v. Parker,* 505 S.W.2d 440, 444 (Mo.App.1974), and that under these circumstances the Board was free to enhance the discipline. The Board was also free to order the same or a lesser discipline. *Morice v. Nations,* 568 S.W.2d 805, 809 (Mo.App.1978).

■ There is no evidence to support the proposition that the enhancement of discipline was itself a discipline for exercising the right of appeal. On the record before us we cannot conclude that the Board's assessment of 168 hours extra duty without pay was arbitrary, capricious or an abuse of discretion. The Board's decision to reassess the discipline was within its authority, purely discretionary and not done to punish Officer Dickens for exercising his right of appeal. We therefore defer to the findings and judgment of the Board. *Wilhite v. Hurd,* 411 S.W.2d 72, 77 (Mo.1967); *Sowder v. Board of Police Commissioners,* 553 S.W.2d 525, 527 (Mo.App.1977).

We reverse and remand this cause to the circuit court with directions to reverse its decision and affirm the decision of the Board of Police Commissioners.

SNYDER, P.J., and DOWD, J., concur.