ANGELINA COUNTY (SELF INSURED) DEEP EAST TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellant,

v.

Harold MODISETTE, Appellee.

No. 09 83 143 CV.

Court of Appeals of Texas, Beaumont.

Feb. 2, 1984.

James J. Zeleskey, Lufkin, for appellant.

Dick Davis, Tyler, for appellee.

## OPINION

BROOKSHIRE, Justice.

The paramount, if not the singular, question in this appeal is the interpretation and application of *TEX.REV.CIV.STAT.ANN. Art. 8309h, Sec. 5(a)* (Vernon's Supp.1982–1983) entitled "Workmen's compensation insurance for employees of political subdivisions" which provides:

"Sec. 5(a) It is the purpose of this article that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein. Provided further, however, that any and all sums for incapacity received in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (Article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable. Provided that when an employee's wage is offset as prescribed above, both the employer and the employee shall pay into the pension fund on the amount of money by which his wage was offset *and provided further that under no circumstances shall an employee's pension benefit be reduced as a result of his injuries or any compensation received under the provision of this Act, unless such reduction is a result of a pension revision passed by majority vote of the affected members of a pension system.*" (emphasis ours)

Appellant seeks a credit or an offset against the workmen's compensation judgment awarded to Harold R. Modisette. The judgment awarded total and permanent worker's compensation benefits. The credits or offsets arise from disability retirement benefits received prior to and subsequent to the entry of the judgment in the juried worker's compensation proceedings; that is, the benefits that Appellee had received under and through the Texas County and District Retirement System, *TEX.REV.CIV.STAT.ANN. Title 110B, Sec. 51.001 et seq.* (Vernon's 1981 Pamphlet), especially *TEX.REV.CIV.STAT.ANN. Title 110B, Subtitle F, Subchapter D, Sec. 54.301 et seq.* (Vernon's 1981 Pamphlet). Appellant contends that the failure to allow credits or offsets against the judgment in the worker's compensation proceeding was contrary to and in violation of *Art. 8309h, Sec. 5(a).*

Modisette was a long-time employee of Angelina County and was the Manager of the County Airport at the time he was injured and for several months after his injury. The fact that his accidental, personal injury occurred on May 7, 1976, and the sufficiency of the evidence to support and sustain the jury's verdict are not challenged. Angelina County employees are covered under the Texas County and District Retirement System. If an employee meets the statutory requirements and becomes disabled, he is eligible and entitled to receive disability retirement benefits through this system, which is created by statute, *TEX.REV.CIV.STAT.ANN. Title 110B, Sec. 51.001 et seq.* (Vernon's 1981 Pamphlet). Appellee began receiving disability checks in the amount of $409.86 per month through the disability retirement system beginning August 31, 1981. The jury found that the Appellee's admitted injury resulted in total and permanent incapacity.

Appellant contends that, construing strictly and relying solely upon *TEX.REV. CIV.STAT.ANN. Art. 8309h, Sec. 5(a)* (Vernon's Supp.1982–1983), it is entitled to a full credit against the weekly compensation payments received by the Appellee beginning August 31, 1981, the credits being in the exact amount of the monthly disability payments the Appellee has received through the Texas County and District Retirement System. Appellant moved for a credit and offset after which the Appellee would recover the sum of $10,173.65 rather than the sum of $20,672.20 recovered by the Appellee in the judgment entered by the trial court—the sought-after credit and offset amounting to $10,498.55. From the judgment, disallowing the County's credits and offsets, this appeal has been brought.

Appellee did receive certain worker's compensation payment checks in the amount of $70.00 each intermittently during certain periods of time when he was off from work. These intermittent checks continued for several years subsequent to the accidental personal injury of May 7, 1976. The monthly checks received by Appellee from the Texas County and District Retirement System arose out of and were for the same accident and the same disability made the basis of his claim for worker's compensation benefits.

Construing this language and proviso of *TEX.REV.CIV.STAT.ANN. Art. 8309h, Sec. 5(a)* (Vernon's Supp.1982–1983) reading:

"[A]nd provided further that under no circumstances shall an employee's pension benefit be reduced as a result of his injuries or any compensation received under the provision of this Act, unless such reduction is a result of pension revision passed by majority vote of the affected members of a pension system",

we hold that this last quoted part of the statute has *paramountcy and is the sovereign, governing legislative* pronouncement in the case at bar.

It is true that Sec. 5(a) contains the following language:

"[T]hat any and all sums for incapacity received in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (Article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable."

But immediately thereafter, the legislative mandate continues thusly:

"Provided that when an employee's wage is offset *as prescribed above*, both the employer and the employee shall pay into the pension fund on the amount of money by which his wage was offset ...."

Hence, we sanguinely construe the sums to be offset as being the employee's wage. In our case, the employee has no wage and apparently has not had any wage since August, 1981. Hence, this "employee's wage" clause is not relevant or applicable to our case.

*TEX.REV.CIV.STAT.ANN. Title 110B, Sec. 54.305,* entitled "Medical Examination of Disability Retiree" and *Sec. 54.306,* entitled "Certification of End of Disability", (Vernon's 1981 Pamphlet), Acts 1981, 67th

Legislature, Chap. 453, as amended effective September 1, 1981, do provide that, under certain facts and circumstances, if the medical board finds that a disability retiree is no longer incapacitated for the performance of duty or is engaged in or is able to engage in gainful occupation and, in general, certifies to such, then the board shall discontinue the annuity payments to the retiree.

In any event, a careful, analytical and reasoned reading of *Art. 8309h, Sec. 5(a)* mandates that any offset (which we hold is not applicable to the case at bar) set out or provided for necessarily must be taken from any benefits or payments under either *TEX.REV.CIV.STAT.ANN. Art. 1269m* (Vernon's 1963) or *TEX.REV.CIV. STAT.ANN. Art. 1269m, Sec. 26* (Vernon's Supp.1982–1983), or any other statute that provides payment for incapacity to work and, hence, the offset or reduction, if any, is not to diminish to any degree any benefits provided under the Workers' Compensation Law, simply because "payment for incapacity ... are ... offset ... against ... benefits ... under this Act ...." We construe the offset (or reduction), if any, to apply to the payments made under *Art. 1269m* "and ... other statutes"—not to the benefits under the Worker's Compensation Law. This construction is especially logical and reasonable in Modisette's situation because he is receiving $409.86 monthly under the Texas County and District Retirement System. Under the Workers' Compensation Law the payment is $70.00 per week totaling $280.00 (based on 4 weekly payments due) or $350.00 (based on 5 weekly payments due) monthly. If we adhere to the Deep East Texas Workers' Compensation Insurance Fund's contention, Modisette would be "in the hole" either $129.86 or $59.86 per month. As a result, the Workers' Compensation Law would then be of absolutely no benefit to Modisette. Such a construction and application of *Title 110B, Sec. 51.001, et seq.* (Vernon's 1981 Pamphlet) (especially *Title 110B, Subtitle F, Subchapter D, Sec. 54.301, et seq.* (Vernon's 1981 Pamphlet)) and *Art. 8309h, Sec. 5(a)*, we must and do reject. But, again, we believe and hold the paramount proviso

of *Art. 8309h, Sec. 5(a)*, which is dispositive of the case at bar, is:

> "*Under no circumstances shall an employee's pension benefit be reduced as a result of his injuries or any compensation received under the provisions of this Act, unless such reduction is a result of a pension revision passed by majority vote of the affected members of a pension system.*" (emphasis ours)

■ The language makes it clear that the only reduction possible is a reduction in the employee's pension benefits—not in his worker's compensation benefits—but; nevertheless, there can be no reduction in the employee's pension benefit unless and until the reduction or revision is passed by a majority vote of the affected members of an entire pension system. There is simply no majority vote of the affected members of a pension system in our record. A careful, cautious and crucial reading and review of the entire evidence and statement of facts reveals no such majority vote. Indeed, no vote or poll of any sort of the affected members was taken.

■ The Appellee vigorously argues the proposition that the Texas Worker's Compensation Act and the Texas County and District Retirement System Act are two very separate and distinct pieces of legislation which serve different and diverse purposes and have vastly different applications and interpretations. As one example, Appellee says that Texas Worker's Compensation Act is to provide compensation not merely for the loss of earnings, per se, but also for the loss of earning capacity, citing *Texas Employers Insurance Association v. Clack,* 134 Tex. 151, 132 S.W.2d 399, 401 (1939); *Maryland Casualty Company v. Drummond,* 114 S.W.2d 356, 360 (Tex.Civ.App.—Beaumont 1938, writ ref'd). Appellee further argues that the disability benefits set out under the Texas County and District Retirement System are provided only so long as the claimant continues from year to year and, thereafter, on a longer duration, to be actually incapacitated from the performance of duties. And, indeed, it is true that under *TEX.REV.CIV.*

*STAT.ANN. Sec. 54.306* (Vernon's 1981 Pamphlet) if the medical board finds the retiree is no longer mentally or physically incapacitated for the performance of duty or is engaged in or able to engage in gainful occupation then, upon certification, payments to the retiree are discontinued. Appellee maintains that the concepts and definitions of incapacity are vastly dissimilar. We agree with Appellee on his distinction as to different statutory remedies for different and distinct purposes. We find merit in Appellee's "DISTINCT ACTS–DISTINCT PURPOSES" proposition, but we perceive that such reasoning is not necessary to decide this case. Nevertheless, nothing in this opinion is to be construed as holding that any payments under *Title 110B, Sec. 51.001, et seq.* (Vernon's 1981 Pamphlet) are to be offset against any compensation provided for under *Art. 8309h, Sec. 5(a),* or *vice versa—meaning that the payments made under Art. 8309h, Sec. 5(a) are not to be offset against any payments made under Title 110B, Sec. 51.001, et seq.* The trial court judgment is affirmed.

AFFIRMED.