Charles J. HAMMOND, Administrator of the Estate of Paul C. Hammond, Deceased, Jimmie L. Kyser, and Conrad D. Medlock, Jr., Petitioners,

v.

CITY OF DALLAS, Respondent.

No. C–4469.

Supreme Court of Texas.

June 25, 1986.

Craig M. Fowler, Dallas, Schuerenberg, Grimes & Glaspy, Gary Allmon Grimes and Tena M. Hollingsworth, Mesquite, for petitioners.

Analeslie Muncy, City Atty., and Debra G. Kress, Asst. City Atty., Dallas, for respondent.

OPINION

GONZALEZ, Justice.

This is a civil service suit for damages growing out of an alleged wrongful discharge of three police officers. The issue presented is whether under the Dallas City Charter, the City Manager and City Civil Service Board can increase the punishment assessed by the Police Chief in disciplinary actions, when those actions are appealed to the City Manager. The trial court held that neither the City Manager nor the Board had authority to increase the punishment given by the Police Chief. Sitting en banc, the court of appeals reversed, with three judges dissenting. 691 S.W.2d 827. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

In April of 1978, an individual filed a complaint alleging that he had been falsely arrested and beaten by two police officers, Jimmie Kyser and Conrad Medlock. The police department investigated and concluded that these officers had acted at the instigation of another officer, Paul Hammond. The Police Chief suspended Kyser and Medlock for thirty days and Hammond for five days, pursuant to the Dallas City

Charter. The officers appealed to the Dallas City Manager's office. The assistant City Manager conducted hearings and ruled that the officers should be discharged.

Thereafter, the officers appealed to the Civil Service Trial Board, pursuant to the City Charter. The Board held: (1) that Hammond's termination was sustained; (2) that Kyser should be reinstated without back pay for the nine months of his discharge; and (3) that Medlock should be reinstated without back pay for the twelve months of his discharge.

The three officers appealed to the district court which held that neither the City Manager nor the Trial Board had the authority on appeal, pursuant to the charter, to enhance the punishment in a disciplinary action taken by the Chief of Police. Kyser and Medlock were reinstated and awarded back pay and benefits. Some time after suit was filed, but before the trial court rendered judgment, Hammond died and his administrator was substituted as plaintiff. His estate was awarded back pay and benefits.

The City of Dallas complained on appeal that the City Manager had the authority to enhance the Police Chief's punishment, that the Trial Board also had such authority under a de novo review, that Hammond's reinstatement was error because the Trial Board's findings of his violation of police department rules and discharge had a reasonable basis in fact and were not arbitrary or capricious. The court of appeals reversed and remanded the judgment, finding that the City Manager had the authority to enhance the punishment, and that the Trial Board had the authority to conduct a de novo review. The court remanded for review under the substantial evidence standard because the trial court only considered the question of the City Manager's right to enhance the punishment. Hammond's estate, Kyser, and Medlock perfected this appeal.

The relevant sections of the Dallas City Charter are as follows:

Chapter XII. Police Dept. Sec. 4. Suspension of police; hearing.

*The chief of police shall have the exclusive right to suspend for a definite time or discharge any of the officers* or employees who may be under his jurisdiction and control for incompetence, neglect of duty, immorality, drunkenness, or failure to obey orders given by the proper authority, or the orders, rules and regulations promulgated by the chief of police. If any officer or employee be suspended or discharged, as herein provided, *the chief of police shall forthwith in writing certify the fact, together with the cause for the action, to the city manager. The officer or employee suspended or discharged shall have five (5) days from receipt of notice of such action within which to demand a hearing before the city manager,* but such demand must be made in writing. If demanded, the *city manager shall proceed to inquire into the cause of the suspension or discharge and render judgment thereon, which judgment, if the charge be sustained, may be suspension, reduction in rank, discharge, or such modification or amendment as to him may seem just and equitable under all the facts and circumstances of the particular case.* Such judgment shall be final unless such suspended or discharged officer or employee shall desire to avail himself to the right of a public hearing before a trial board or hearing officer as provided by this charter. (Amend. of 4–3–76, Prop. No. 5) (emphasis added).

Chapter VI. The city manager. Sec. 2. Powers and duties of the city manager.

The powers and duties of the city manager shall be as follows:

. . . . .

(3) *Except as otherwise provided by the charter of the city of Dallas, to appoint and remove all heads of departments and all subordinate officers* and employees of the City; ... (emphasis added).

Chapter XVI. Civil Service and Personnel Sec. 12. Trial board; hearing officer.

. . . . .

The trial board and the hearing officer may either sustain or reverse the action of the city manager or the head of the dpeartment, as the case may be, or modify and amend the same as the board or hearing officer may deem just and equitable under all the facts and circumstances of the particular case.... (Amend. of 6–12–73, Prop. No. 31)

The language in Chapter XII, § 4 begins by stating that the Chief of Police has "exclusive" right to suspend or discharge the officers. Pursuant to a hearing before the City Manager, the conflicting language states that his judgment may be suspension, reduction in rank, discharge, or such modification or amendment as may seem just and equitable. The officers contend that this "exclusive" right is not modified by such subsequent language in § 4 and that in reading the charter as a whole, it is contemplated that the City Manager only has the appellate power to affirm a suspension or discharge that has already been effectuated by the Police Chief, or to reduce the punishment. They further complain that § 4 is one of the "except as otherwise provided ..." circumstances contemplated in Chapter VI, § 2. The city contends that pursuant to the language in § 4 and § 12, the City Manager has the authority to suspend or discharge an officer, even when such is not initiated by the Police Chief, or modify and amend the Police Chief's judgment to the extent of a suspension or discharge. The city bases this authority on its purported *de novo* review of the Police Chief's decision.

 We must interpret a city charter by reading it as a whole and harmonizing its various provisions as far as possible. *Glass v. Smith,* 150 Tex. 632, 244 S.W.2d 645, 652 (1951). We must further consider every word, phrase, and expression as if each had been deliberately chosen and used for a purpose. *City of River Oaks v. Lakeworth Village,* 231 S.W.2d 768, 772 (Tex.Civ.App.—Fort Worth 1950, writ ref'd

n.r.e.); *City of Corpus Christi v. Unitarian Church of Corpus Christi,* 436 S.W.2d 923, 928 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.). Further, where there is a grant of power of a municipal corporation, the grant will be strictly construed, the power should not be enlarged by liberal construction, and any conflict should be resolved against the corporation. *Willman v. City of Corsicana,* 213 S.W.2d 155, 157 (Tex.Civ.App.—Waco 1948), *aff'd,* 147 Tex. 377, 216 S.W.2d 175 (1949). Also, where there is a broad and restrictive clause within a statute, the broad clause is limited or controlled by the restrictive one. *City of Baytown v. Angel,* 469 S.W.2d 923, 924 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). *City of West Lake Hills v. Westwood Legal Defense Fund,* 598 S.W.2d 681, 686 (Tex.Civ.App.—Waco 1980, no writ). Therefore, pursuant to prevailing rules of statutory construction, we hold that neither the City Manager nor the Civil Service Trial Board had authority to increase the punishment given by the Chief of Police.

The city relies on *Dickens v. La Tourette,* 663 S.W.2d 250 (Mo.Ct.App.1983) to support its interpretation of the City Charter. In *Dickens,* the Superintendent of Police imposed a penalty which the Board of Police Commissioners enhanced on appeal. The trial court reduced the penalty to that initially given. However, the court of appeals reversed, holding that the Board had the authority to hear the appeal as a de novo review and therefore to enhance the punishment given, absent proof of retaliation for the officer's exercise of his right of appeal. *Id.* at 251.

The City claims that the language in the St. Louis County Charter, Section 13 is essentially the same as the City's charter as far as providing for the board's authority:

The Board may affirm the action of the Superintendent, set aside the action of the Superintendent, or direct the Superintendent to enter a new order in accordance with the decision of the Board.

*Id.* However, a comparison of these two charters does not reveal such a similarity as the City suggests. The Board of St. Louis County clearly has the power to direct a new order, as it appears that there is no contravening "exclusive" authority language for the Police Chief, as is in the Dallas City Charter. Therefore, the *Dickens* case is not persuasive.

More compelling reasons exist, however, to support our holding. It is the officer's right of appeal, and not the city's. The Dallas Police Department General Orders have set out appellate procedures for officers who have been suspended or discharged. As these orders are an officer's guide for his rights during investigations, they must be read in conjunction with the City Charter. General Order 500, § 502.70 states that if the City Manager "*upholds* a discharge or demotion," the employee may appeal to the Civil Service Trial Board. This language only contemplates an affirmance or a reduction by the City Manager of the Police Chief's decision, not an enhancement.

For the foregoing reasons, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.