

# THE ATTORNEY GENERAL
## OF TEXAS

June 6, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. W. N. Kirby
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas  78701-1494

Opinion No.  JM-915

Re:  Whether a school district may offset workers' compensation benefits under article 8309h, V.T.C.S., against benefits paid pursuant to section 13.904 of the Texas Education Code (RQ-1226)

Dear Mr. Kirby:

You ask:

> May a school district offset worker compensation benefits received pursuant to Article 8309h [V.T.C.S.], against sick leave benefits paid pursuant to Texas Education Code, Section 13.904?

You indicated in your request that this question has arisen in connection with a situation in the Edinburg Independent School District:

> During the 1985-86 school year, a teacher was injured by an assault to which the Texas Education Code, Section 13.904 may apply. The district paid the teacher's salary for the period of time when she was unable to work. The teacher also received worker compensation benefits for the same period of time pursuant to Article 8309h, V.T.C.S. The district's local policy provides for an offset of the amounts paid under the district's sick leave and worker compensation programs.

You supplied with your request a copy of the district's workers' compensation policy which was adopted on February 14, 1984, and which provides in pertinent part:

> The District may offset an employee's wages paid under the adopted sick leave program against any benefits paid under the Workers' Compensation Law. When an employee's wage is offset, both the employee and the District shall make the normal contribution to the retirement system on the amount of money by which the wage is offset. Art. 8309h, Sec. 5, V.A.T.S.

V.T.C.S. article 8309h mandates the provision of workers' compensation insurance for employees of political subdivisions. A school district is a political subdivision for purposes of the article. Id. §1(1). Section 5(a) of article 8309h provides in part:

> The compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein. _Provided further, however, that any and all sums for incapacity received in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (Article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable,_ and any sums paid under Article III, section 52e, of the Texas Constitution, are offset against the week-to-week benefits otherwise payable under this Act.  (Emphasis added.)

The underscored language was added by Acts 1975, 64th Leg., ch. 404, and took effect June 19, 1975.

The central question here is whether sick leave benefits received by a teacher pursuant to Education Code section 13.904 are, in the words of section 5, article 8309h, "sums for incapacity received in accordance with . . . any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by [article 8309h]. . . ." If the sick benefits in question are such "sums" they are to be "offset as against the benefits provided under [article

8309h] to the extent applicable."  Education Code section 13.904 provides in pertinent part:

> (a) A state minimum sick leave program consisting of five days per year sick leave with no limit on accumulation and transferable among districts shall be provided for every teacher regularly employed in the public free schools of Texas. Local school districts may provide additional sick leave beyond this minimum.
>
> . . . .
>
> (c) Each district's local board of education shall establish a sick leave plan, and shall administer the program to assure compliance with the intent of the law that leave shall be approved only on the basis of:
>
> (1) an illness of the teacher;
>
> (2) an illness of a member of the teacher's immediate family;
>
> (3) a family emergency; or
>
> (4) a death in the teacher's immediate family.
>
> . . . .
>
> (f) In addition to all other days of leave provided by this section or by the school district, a teacher or another professional employee of a school district who is physically assaulted during the performance of his regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. Days of leave taken under this subsection shall be reported and reimbursed as sick leave in accordance with Subsection (b) of this section, but may not be deducted from accrued sick leave. The period provided in this subsection shall not extend more than two years beyond the date of the assault.

Section 13.904 provides  for three different  kinds of  sick leave benefits:   state minimum  sick leave  (five days  per year); additional sick leave as  may be provided by a  local school district; and what  we will characterize as  "assault sick leave" under subsection (f).

### "Assault Sick Leave" and Article 8309h.

The assault sick  leave provision,  subdivision (f)  of section 13.904, was added by Acts 1983, 68th Leg., ch.  334, and took effect on September  1, 1983 pursuant to section  3 of that act.   It was  therefore not "in  force and  effect" when the offset provision of  section 5(a) of article  8309h was enacted  and took  effect  in 1975  (see supra,  p.   3). Therefore, in that they were not provided for by statute "in force and effect" at the time article 8309h section 5(a) was enacted and took effect in 1975, assault sick leave benefits under Education Code section 13.904, subsection (f) may  not be offset  under article  8309h, section  5(a), against  the workers' compensation benefits  provided for  in  article 8309h.

### State and Local Sick Leave and Article 8309h

In  contrast,  the  provisions  of  subsection  (a)  of Education Code section 13.904  regarding state minimum  sick leave benefits, and additional  benefits the local  district may provide, have been in effect since 1969 (Acts 1969, 61st Leg., ch. 874) and were thus "in force and effect" when  the offset provision of article 8309h was enacted in 1975.   The next issue for consideration  is then whether the  provision of section 13.904(a)  with respect to  state and local  sick leave benefits is, in the language of article 8309h, section 5, a statute that "provide[s] for payment for incapacity  to work because of injury  on the job that  is also covered  by [article 8309h]."  If  so, such state  and local sick  leave benefits are  to  be offset  against  workers'  compensation benefits received  under  article 8309h.   For  the  reasons elaborated below, we are of the opinion that state and local sick leave  benefits  under  section 13.904(a)  may  not  be offset under article 8309h, section 5.

Article 8309h,  section  5,  specifically  cites  two provisions for benefits which are  to be offset, or  against which workers' compensation  benefits  are  to  be  offset: V.T.C.S. article 1269m and  Texas Constitition article  III,

section 52e.[1] In our opinion, consideration of these two specific provisions cited gives an indication of the scope of the section 5 language referring to "other statutes . . . that provide for payment for incapacity to work because of injury on the job."

The pertinent provisions of article 1269m (codified in 1987 as section 143.0452(a) and (b), Local Government Code) were found in section 26 of that article and have been "in force and effect," and substantially unchanged, since before the enactment of the offset provision of section 5 of article 8309h in 1975:

> Permanent and temporary employees in the classified service shall be allowed a total of sick leave with full pay computed upon a basis of one and one-fourth (1¼) full working days allowed for each full month employed in a calendar year so as to total fifteen (15) working days to an employee's credit each twelve (12) months.
>
> Employees shall be allowed to accumulate fifteen (15) working days of sick leave with pay in one (1) calendar year.
>
> Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness. _In the event that the said employee can conclusively prove that the illness was incurred while in performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted_. (Emphasis added.)

Acts 1957, 55th Leg., ch. 391 at 1175. (The underscored language was codified in Local Government Code, section 143.045(b) as follows: "If an ill fire fighter or police officer exhausts the sick leave and can conclusively prove

---

1. _See_ the discussion in footnote 3 of this opinion regarding the holding of _El Paso County v. Jeffers_, 699 S.W.2d 375 (Tex. App. - El Paso 1985, no writ) with respect to article III, section 52e, and the legislative action taken subsequent to that decision.

that the illness was incurred in the performance of  duties, an extension of sick leave shall be granted.")

Similarly, article III, section 52e of the Texas Constitution was adopted in 1967, and provides in  pertinent part:

> Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement <u>officials who are injured in the course of their official duties</u>; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed. (Emphasis added.)

Both section 26 of article 1269m (now Local  Government Code section 143.045 (a) and  (b)) and article III,  section 52e of the  Texas  Constitution specifically  provide  for benefits where persons are  injured or "incur illnesses"  in the course of their duties.

In our opinion, the specific citation of article  1269m and Texas Constitution article  III, section 52e in  article 8309h, section 5,  indicates that  the legislature  intended that the words  "any other  statutes . . . that provide  for payment for incapacity to work because of injury on the job" refer to other statutes like article  1269m  and  Texas Constitution article  III, section  52e -- i.e.,  other statutes that  specifically provide  for "payment  for incapacity to work because of injury on the job."[2]

---

2. Such construction comports with the doctrine of <u>ejusdem generis</u>, a "prime" rule of statutory construction which requires that "where in a statute general words follow a designation of particular subjects . . . the meaning of the general words will be restricted by the particular
(Footnote Continued)

The provisions of Education Code section 13.904 which were in "force and effect" when the offset provision of article 8309h, section 5 was enacted in 1975 did not specifically provide for payments for "incapacity to work because of injury on the job" and thus payments received under section 13.904 are not subject to offset under section 5 of article 8309h.

This conclusion is reinforced by the ruling in Attorney General Opinion JM-447 (1986) that sick leave benefits granted to county officials and employees under former article 3912k were not subject to offset under section 5 of article 8309h. Article 3912k made no specific provisions for payment for incapacity to work because of injury on the job, but merely authorized the county commissioners of a county to

> fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds. . . .

JM-447 is the only opinion of this office dealing with the scope of the offset provisions of section 5 of article 8309h.[3]

---

(Footnote Continued)
designation in such statute." Farmers' & Mechanics' Nat. Bank v. Hanks, 137 S.W. 1120 (Tex. 1911). See also Stanford v. Butler, 181 S.W.2d 269 (Tex. 1944) and Hammond v. City of Dallas, 712 S.W.2d 496 (Tex. 1986).

3. Three court opinions have considered section 5 of article 8309h, but none is dispositive of the issues presented here. City of Corpus Christi v. Herschbach, 536 S.W.2d 653 (Tex. Civ. App. - Corpus Christi 1976, writ ref'd n.r.e.) held that section 5 operated prospectively and could not be applied to offset benefits received under article 1269m where the injury in question had occurred prior to the adoption of section 5.

Angelina County v. Modisette, 667 S.W.2d 881 (Tex. App. - Beaumont 1984, no writ) dealt with pension benefits and the holding there turned on a reading of the proviso of section 5, not quoted above because not relevant to the present issue, that:

(Footnote Continued)

Finally, in support of our conclusion that sick leave benefits under Education Code section 13.904 may not be offset under the provisions of article 8309h, we note the general rule that workers' compensation provisions are to be construed liberally in favor of claimants. See, e.g., Stott v. Texas Employers Insurance Association, 645 S.W.2d 778 (Tex. 1983).

---

(Footnote Continued)

> under no circumstances shall an employee's pension benefit be reduced as a result of his injuries or any compensation received under the provision of this Act, unless such reduction is a result of a pension revision passed by majority vote of the affected members of a pension system.

El Paso County v. Jeffers, 699 S.W.2d 375 (Tex. App. - El Paso 1985, no writ) ruled that payments received pursuant to Texas Constitution article III, section 52e could not be offset under section 5 because to apply section 5 would be tantamount to holding that a constitutional provision could be amended by a mere act of the legislature.

Acts 1987, 70th Leg., ch. 111, §1, subsequently added to section 5 the language:

> and any sums paid under Article III, Section 52e, of the Texas Constitution, are offset against the week-to-week benefits otherwise payable under this Act.

In light of Jeffers, it would appear that this provision can be read as constitutional only if it is deemed to provide that workers' compensation benefits received under article 8309h are to be reduced to the extent that benefits are received under article III, section 52e. The offset provision of section 5 has been read generally to provide that it is the other sums received for work-related incapacity that are to be reduced to the extent workers' compensation benefits are received under article 8309h. See generally the discussion as to which benefits offset which, in Angelina County at 884.

## S U M M A R Y

The offset provision of V.T.C.S. article 8309h, section 5 does not apply to sick leave benefits received pursuant to Education Code section 13.904.

Very truly yours,

**JIM  MATTOX**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General