CITY OF ARLINGTON, Texas, Appellant,

v.

Lawrence WHITAKER and Dianne Whitaker, Appellees.

No. 2–97–109–CV.

Court of Appeals of Texas, Fort Worth.

July 23, 1998.

Rehearing Overruled Aug. 31, 1998.

Cantey & Hanger, L.L.P., Sloan B. Blair, John C. Stewart, Kevin C. Norton, Fort Worth, for Appellant.

The Law Offices of Joseph E. Ashmore, Jr., P.C., C. Gregory Shamoun, Howard J., Dallas, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

The City of Arlington (City) challenges a judgment rendered on a jury verdict for Appellees Lawrence and Dianne Whitaker in a wrongful death and survival action. This case requires us to determine whether the emergency exception in the Texas Tort Claims Act supplants the City's duty under the Act to adequately warn of special defects.[1] We hold that it does in this case, thereby preserving the City's sovereign immunity as a matter of law. Therefore, we reverse the trial court's judgment.

### I. BACKGROUND[2]

Lawrence Whitaker, Jr. (decedent) died in the early morning hours of October 27, 1991 on his way home from a fraternity party. He was driving east on E. Abram Street in the city of Arlington and drove into approximately four feet of rushing flood water where the swollen Johnson Creek was flowing across the surface of the Abram Street bridge. His small truck was swept away by the water and he drowned.

A fire truck was parked across the road at the east end of the water, so that cars could

---

1. Appellant raises four issues, but because of our disposition of issue one, it is unnecessary to address its remaining issues.

2. Because Appellees have not included a fact statement or contradicted Appellant's statement

of the facts, we accept Appellant's statement of the facts as true. *See* Tex.R.App. P. 38.1(f).

not drive past it into the water from that direction. The fire engine's crew requested that the road be closed at 1:05 a.m. The City's Deputy Fire Chief, Charles Burkins, arrived 15 minutes later and parked his fire department Suburban on the west end of the water at roughly a 45–degree angle, facing southwesterly, across the five-lane road. His Suburban was primarily in the center turning-lane, with its ends extending into oncoming traffic lanes in both directions. All of the emergency lights on the Suburban were activated, and Chief Burkins activated his siren and began manually honking his horn as each vehicle approached. About 10 minutes after Chief Burkins arrived, the decedent drove past the parked Suburban, with no visible response to or acknowledgment of the emergency vehicle, and was swept away. The decedent never slowed down before hitting the water, passing only three or four feet from the Suburban.

The decedent's autopsy and toxicology report showed a .08 percent blood alcohol concentration, a .12 percent vitreous humor alcohol concentration,[3] and a .15 percent urine alcohol concentration.

## II. SOVEREIGN IMMUNITY

In its first issue, the City asserts that its sovereign immunity was preserved as a matter of law by the jury's finding that Chief Burkins was reacting to an emergency situation in compliance with a City ordinance. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055 (Vernon 1997). The case was pleaded and tried under a special defect theory of liability, which falls under the waiver of immunity found in the Texas Tort Claims Act (the Act). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021–.022 (Vernon 1997). The City does not dispute that classification. Instead, the City argues that whether the defect was a special or a premise defect is irrelevant in light of the jury's determination that the City, through Chief Burkins, was responding to an emergency. Essentially, the City contends that the "emergency exception" to waiver found in section 101.055 of

the Act overrides the waiver for special and premise defects. We agree.

### A. SPECIAL DEFECTS

Appellees contend that the flood water across the road constituted a special defect under the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b). The Act provides for waiver of immunity in the case of premise and special defects as follows:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets, or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

*Id.* Flood water has been held to be a special defect by one other court of appeals. *See Miranda v. State,* 591 S.W.2d 568, 569 (Tex. Civ. App.—El Paso 1979, no writ). Assuming the water constituted a special defect under the act, the City owed the decedent the same duty to warn that a private landowner owes an invitee: the duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the City was or reasonably should have been aware. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(b); *Dept. of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 237–38 (Tex.1992).

### B. EMERGENCY EXCEPTION

The jury found that Chief Burkins was responding to an emergency situation in compliance with the City's emergency ordinances. The City contends that this response established its sovereign immunity as a matter of law under section 101.055 of the Act. That provision states that the waiver of

---

**3.** The vitreous humor is the clear substance of the eye. It is commonly used as a specimen for posthumous drug and alcohol testing.

immunity in the Act does not apply to a claim arising:

(2) from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others ...

TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(2). The ordinance that the jury considered as the "law applicable to emergency action" states:

Every officer, agent or employee of the City, and every officer, agent, or employee of an authorized provider of emergency services, including, but not limited to every unit of government or subdivision thereof, while responding to emergency calls or reacting to emergency situations, regardless of whether any declaration of emergency has been declared or proclaimed by a unit of government or subdivision thereof, is hereby authorized to act or not to act in such a manner to effectively deal with the emergency. An action or inaction is "effective" if it in any way contributes or can reasonably be thought by the provider of such emergency service to contribute to preserving any lives or property.

City of Arlington Emergency Management Ordinances § 6.03. The City also argues that the jury's failure to find that the "employees of the City of Arlington" were reacting to an emergency situation in compliance with the ordinance is legally irrelevant in light of the finding that Chief Burkins was. This argument is supported by the Supreme Court's recent decision in *City of Amarillo v. Martin*, 971 S.W.2d 426, 431–32 (Tex.1998). Although the case involved a traffic accident with an emergency vehicle driver responding to an emergency, the court was applying the same statute. The court stated that to hold the city liable, the plaintiff must establish that the driver was reckless under the state statute applying to emergency vehicle drivers. *See id.* The court did not address an argument as was raised here, but treated the issue as beyond question. Thus, we agree

that if the emergency provision shields Chief Burkins, then it also shields the City from liability.

We must decide, then, whether the emergency exception in fact protects Chief Burkins and the City from liability for failing to adequately warn the decedent as the jury found in this case. This is a question of first impression. We have discovered no other caselaw where the emergency exception has been construed in conjunction with the premises liability provision.

The emergency provision exempts the State from claims "arising from the action of an employee while responding to an emergency call or reacting to an emergency situation." TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(2). Although the provision has most often been considered in connection with traffic accidents involving emergency vehicles, the language of the statute does not so limit its application. As in construing any statute, we begin with the plain language of the provision and seek the intention of the legislature in the plain and common meaning of the words and terms used. *See Great Am. Ins. Co. v. North Austin Mun. Util. Dist.*, 908 S.W.2d 415, 420 (Tex.1995); *Lawyers Surety Corp. v. Riverbend Bank, N.A.*, 966 S.W.2d 182, 185 (Tex.App.—Fort Worth 1998, no pet.). We presume that the entire statute is intended to be effective, that a just and reasonable result is intended, and that public interest is favored over any private interest. *See* TEX. GOVT.CODE ANN. § 311.021 (Vernon 1988).

A literal reading of the plain language of section 101.055(2) reveals no reason why it should not be applied to shield Chief Burkins from liability under the premises liability provision. The emergency exception by its language completely removes emergency action and reaction from the statutory waiver of sovereign immunity. Sovereign immunity is a common law doctrine exempting municipalities from liability for their or their agents' tortious conduct, except where that immunity is legislatively waived. *See City of Amarillo*, 971 S.W.2d at 426. Where a statute creates a liability unknown to the common law, the statute is to be strictly construed so as not to be extended or applied

to cases not clearly within its purview. *See Satterfield v. Satterfield,* 448 S.W.2d 456, 459 (Tex.1969); *Linick v. Employers Mut. Casualty Co.,* 822 S.W.2d 297, 301 (Tex.App.—San Antonio, 1991, no writ). Further, it is well established that specific or special provisions control over general ones. *See* TEX. GOVT. CODE ANN. § 311.026(a) (Vernon 1988); *Hammond v. City of Dallas,* 712 S.W.2d 496, 498 (Tex.1986).

The Act is a limited waiver of absolute common law immunity for a municipality, which is considered to be in the public interest. Thus, we construe it strictly on the side of preserving immunity. The emergency exception is more specific than the general waiver for premise and special defects. Therefore, it must control when, as here, the two conflict. The very nature of an exception is that it modifies an otherwise steadfast rule.

We hold that the jury's finding that Chief Burkins was responding to an emergency in compliance with the City's ordinance applicable to emergency action shielded him and, therefore, the City from liability under the Act, preserving the City's sovereign immunity as a matter of law. Thus, the trial court erred by rendering judgment on the jury's verdict for Appellees.

We sustain issue one.

### III. CONCLUSION

We hold that the jury's finding that Chief Burkins was responding to an emergency within the City's emergency action ordinance established the City's immunity from suit as a matter of law. Therefore, we reverse the trial court's judgment and render judgment that Appellees take nothing.