**Affirmed and Opinion Filed February 22, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01417-CV**

**COLLIN CENTRAL APPRAISAL DISTRICT, Appellant**

**V.**

**GARLAND HOUSING FINANCE CORPORATION AND TX COLLIN APARTMENTS, L.P., Appellees**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-03704-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Collin Central Appraisal District (CCAD) appeals the trial court's judgment

for the Garland Housing Finance Corporation (GHFC) and TX Collin Apartments,

L.P (TX Collin) on their declaratory judgment action regarding CCAD's denial of

an ad valorem tax exemption on a real property owned by GHFC and TX Collin. In

one issue, CCAD contends the trial court erred in granting GHFC and TX Collin's

motion for summary judgment and denying CCAD's motion for summary judgment.

We affirm the trial court's judgment.

# BACKGROUND

GHFC owns a tract of land in Plano, Texas, on which the Savannah at Gateway Senior Living apartment complex is located (the Property). TX Collin has a ground lease with GHFC and owns the improvements on the Property. TX Collin is a limited partnership whose general partner is wholly owned by a subsidiary of GHFC. The project to build the apartments, originally named Villas Gateway Senior Housing, began in 2014.

On August 11, 2014, the Plano City Council passed a resolution (2014 Resolution) in support of "an application for four percent housing tax credit (HTC) financing to the Texas Department of Housing and Community Affairs . . . ." The resolution specifically recited:

- TX Collin Apartments L.P. will submit an application to the Texas Department of Housing and Community Affairs (TDHCA) for 2014-2015, noncompetitive, four percent Housing Tax Credits and to Collin County Housing Finance Corporation or another qualified issuer for the issuance of tax exempt bonds for Villas Gateway Senior Housing, Hillary Acres Addition, Block A, Lot 2.

- Plano Housing Corporation will benefit from the development, thereby allowing the organization to assist more Plano residents.

- [T]he City of Plano Housing Infill program encourages the development of real property for low and moderate income housing.

- [T]he 2010-2014 Consolidated Plan of Housing and Community Development Needs notes that low income renters within the city of Plano have unmet housing needs, mostly related to affordability.

- [I]t is in the public interest of the citizens of the City of Plano that application be made for such funding.

Collin County Housing Finance Corporation (CCHFC) submitted its $20 million tax-exempt bond to the Texas Attorney General for approval. The Texas AG approved the bond on December 3, 2014, finding it had "been issued in accordance with law." With financing provided by CCHFC through a tax-exempt bond, TX Collin constructed the apartment complex. CCAD carried the Property on its tax rolls as exempt from ad valorem taxes.

On October 30, 2017, TX Collin refinanced the original bond issued for construction, and GHFC purchased the land on which the newly renamed apartment complex is located. TX Collin and GHFC entered into a ground lease. CCAD canceled the tax exemption on the Property from this point forward.

GHFC and TX Collin protested CCAD's exemption cancellation and valuation of the Property. The Collin Appraisal Review Board heard and denied the protests. GHFC and TX Collin then filed the instant declaratory judgment action, seeking review of CCAD's denial of the tax exemption and property valuation. CCAD answered, and GHFC and TX Collin moved for summary judgment, arguing GHFC and all its property are exempt from taxes under chapter 394 of the local government code. GHFC and TX Collin supported their motion with the following evidence:

- The affidavit of GHFC's Executive Director;
- The 2014 Resolution;
- The Texas AG's bond-approval correspondence;
- The ground lease;

- CCHFC's 2014 resolutions approving bond issuance for acquisition and construction of the Villas at Plano Gateway Senior Living apartment complex;

- CCHFC's and TX Collin's loan agreement and related trust indenture and regulatory agreement and declaration of restrictive covenants;

- CCHFC's articles of incorporation, bylaws, financing application procedures, and local regulations; and

- GHFC's articles of incorporation, bylaws, amended and restated bylaws, financing application procedures, and local regulations.

CCAD responded with the following evidence:

- Collin Appraisal Review Board's notice and determination of GHFC and TX Collin's protests;

- The 2014 Resolution; and

- A letter from the Plano city attorney stating that the Plano City Council did not authorize an ad valorem tax exemption by its 2014 Resolution but merely voiced support for the use of tax-exempt bonds for the housing project.

GHFC and TX Collin objected to the Plano city attorney's letter on the grounds that it was unsworn, hearsay, conclusory, lacked personal knowledge, and improperly offered an opinion of law. The trial court sustained GHFC and TX Collin's objections.[1]

CCAD filed a competing traditional motion for summary judgment, arguing that GHFC's tax exemption was limited by section 394.005. According to CCAD, section 394.005 required evidence that the City of Plano had "approve[d] the application of Chapter 394 to the [P]roperty" for it to be exempt from ad valorem taxes, and Plano had given no such approval. CCAD offered the same evidence in

---

[1] CCAD does not contest the trial court's evidentiary conclusion on appeal.

–4–

support of its motion as it did in support of its response to GHFC and TX Collin's motion. The trial court denied CCAD's motion for summary judgment and granted GHFC and TX Collin's motion for summary judgment. This appeal followed.

## STANDARD OF REVIEW

In one issue, CCAD contends the trial court erred in granting GHFC and TX Collin's motion for summary judgment and denying CCAD's motion. We review a trial court's summary judgment rulings de novo. *KMS Retail Rowlett, LP v. City of Rowlett*, 559 S.W.3d 192, 197 (Tex. App.—Dallas 2017) (mem. op.), *aff'd*, 593 S.W.3d 175 (Tex. 2019). When both sides move for summary judgment and the trial court grants one side's motion and denies the other's, we can consider both motions, review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Id*. Here, the parties on both sides moved for summary judgment on traditional grounds, thus each party bore the burden of establishing that there are no issues of material fact and it was entitled to judgment as a matter of law. *See id*.

The parties' dispute revolves around the interpretation of certain provisions of chapter 394 of the local government code. Statutory construction is a question of law that we review de novo. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016). Our primary objective is to give effect to the legislature's intent, which we ascertain from the plain meaning of the words used in the statute, if possible. *Id*. Tax exemptions, such as the one at issue here, are narrowly construed, and the

taxpayer has the burden to "clearly show" that an exemption applies. *Id*.; TEX. TAX CODE § 151.318(r). "Although statutory tax exemptions are narrowly construed, construing them narrowly does not mean disregarding the words used by the Legislature." *Sw. Royalties, Inc.*, 500 S.W.3d at 404.

## ANALYSIS

CCAD contends in its sole issue that the trial court erred in granting GHFC and TX Collin's motion for summary judgment because GHFC and TX Collin failed to "clearly show" that the Property was exempt from ad valorem taxes. According to CCAD, section 394.005 of the local government code required GHFC to show that Plano had approved the application of chapter 394 to the Property for it to qualify for a tax exemption. This presents an issue of statutory construction. Thus, our analysis of CCAD's issue is controlled by the Code Construction Act. TEX. LOC. GOV'T CODE § 1.002 ("The Code Construction Act (Chapter 311 of the Government Code) applies to the construction of each provision in this code except as otherwise expressly provided by this code.").

GHFC is a housing finance corporation (HFC) formed under the Texas Housing Finance Corporations Act (THFCA). *See* TEX. LOC. GOV'T CODE §§ 394.001–.907. The legislature passed the THFCA to promote the benefits of "residential ownership and development." *Id*. § 394.002(b). Thus, "the purpose of [the THFCA] is to provide a means to finance the cost of residential ownership and development that will provide decent, safe, and sanitary housing at affordable prices

for residents of local governments." *Id*. § 394.002(a). The THFCA accomplishes its purpose by "authoriz[ing] local governments to create and use public nonprofit corporations to issue obligations . . . ." *Id*. § 394.002(d). These "public nonprofit corporations" (HFCs) operate as "public instrumentalit[ies]" that perform "essential governmental function[s] on behalf of and for the benefit of the general public, the local government, and this state." *Id*. § 394.002(c)(3). Accordingly, the legislature declared:

> The housing finance corporation, all property owned by it, the income from the property, all bonds issued by it, the income from the bonds, and the transfer of the bonds are exempt, as public property used for public purposes, from license fees, recording fees, and all other taxes imposed by this state or any political subdivision of this state.

*Id*. § 394.905; *see also Harris Cty. Appraisal Dist. v. Se. Tex. Hous. Fin. Corp.*, 991 S.W.2d 18, 22 (Tex. App.—Amarillo 1998, no pet.) (holding the legislature enacted section 394.905 within its constitutional power "'[to] *exempt from taxation public property used for public purposes* . . . .' TEX. CONST. art VIII § 2 (emphasis added)").

The parties disagree on the scope of this exemption. According to GHFC and TX Collin, the exemption is absolute. CCAD contends, however, that the exemption is limited by section 394.005, which states:

> This chapter does not apply to property located within a municipality with more than 20,000 inhabitants as determined by the housing finance corporation's rules, resolutions relating to the issuance of bonds, or financing documents relating to the issuance of bonds, unless the governing body of the municipality approves the application of the chapter to that property.

TEX. LOC. GOV'T CODE § 394.005. CCAD argues that section 394.005's strict command that "[t]his chapter does not apply" necessarily means that no section of chapter 394 applies to the Property because the Property is located in Plano, a municipality with more than 20,000 inhabitants, and Plano did not "approve[] the application of Chapter 394 to the Property."[2]

To reach this conclusion, CCAD argues we must disregard section 394.005's reference to "the housing finance corporation's rules, resolutions relating to the issuance of bonds, or financing documents relating to the issuance of bonds" and, instead, read the provision as prohibiting the application of chapter 394 in its entirety when the property is located within a municipality with more than 20,000 inhabitants absent approval from the municipality that chapter 394 applies to the property.[3] CCAD maintains that to rule otherwise would result in the absurd scenario in which an HFC could determine through its rules, resolutions, and financing documents whether a municipality such as Plano has more than 20,000 inhabitants. Thus, CCAD proposes reading the provision so that "the thing to be 'determined' is the *location* of the Property, not the population of the municipality in which the Property

---

[2] Despite this broad contention, we note the record reflects that CCAD recognized the Property's tax exemption from 2014, when CCHFC financed the development, until 2017, when GHFC acquired the land. CCAD does not explain this apparent inconsistency or why the Property's tax-exempt status changed.

[3] The statute does not indicate what constitutes approval, and CCAD has failed to provide the Court with any meaningful direction as to what evidence is required to meet its proposed approval standard.

is located." But neither CCAD's proposed interpretation nor its analysis properly construes the statute's plain language.

When interpreting a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE § 311.011(a). We must presume that "the entire statute is intended to be effective." TEX. GOV'T CODE § 311.021(2). Thus, "[a]s a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015); *see also Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex. 2009) ("We . . . try to give effect to all the words of a statute, treating none of its language as surplusage when reasonably possible.").

Section 394.005 is comprised of two phrases joined by the conjunction "unless." The first phrase is at the center of the parties' disagreement:

> This chapter does not apply to property located within a municipality with more than 20,000 inhabitants as determined by the housing finance corporation's rules, resolutions relating to the issuance of bonds, or financing documents relating to the issuance of bonds, . . .

This phrase consists of a broad clause followed by a restrictive clause that begins with "as determined by." BRYAN A. GARNER, THE REDBOOK: A MANUAL ON LEGAL STYLE §§ 1.6(a), 10.20 (2d ed. 2006). "[W]here there is a broad and restrictive clause within a statute, the broad clause is limited or controlled by the restrictive one." *Hammond v. City of Dallas*, 712 S.W.2d 496, 498 (Tex. 1986) (citing *City of Baytown v. Angel*, 469 S.W.2d 923, 924 (Tex. Civ. App.—Houston [14th Dist.]

–9–

1971, writ ref'd n.r.e.), and *City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 686 (Tex. Civ. App.—Waco 1980, no writ)). The broad mandate that "[t]his chapter does not apply property located within a municipality with more than 20,000 inhabitants" is, therefore, restricted by the clause "as determined by the housing finance corporation's rules, resolutions relating to the issuance of bonds, or financing documents relating to the issuance of bonds." *See id*.

Applying the rules of construction, we reject CCAD's suggestion that we may disregard the restrictive clause when applying the statute. *See Phillips*, 288 S.W.3d at 880. Further, we reject CCAD's claim that the restrictive clause refers to the HFC's documents only to determine whether the property is located in a municipality of more than 20,000 inhabitants. On the contrary, a plain reading of the entire first phrase leads to only one conclusion; that the HFC's documents determine whether chapter 394 applies to the property located in such a municipality. *See Hammond*, 712 S.W.2d at 498. In other words, if the HFC's rules, resolutions relating to the issuance of bonds, or financing documents relating to the issuance of bonds indicate that chapter 394 does not apply to a property located in a municipality of more than 20,000 inhabitants, then the chapter does not apply to the property "unless the governing body of the municipality approves the application of the chapter to that property."

Here, we need not address CCAD's contention that the 2014 Resolution did not constitute approval of the application of the chapter to the Property because the

record reflects that GHFC's rules, resolutions, and financing documents do not indicate that chapter 394 would not apply to the Property. CCHFC's local regulations state that CCHFC was formed "for the public purpose of providing financing for the cost of residential ownership and development within [Collin] County that will provide decent, safe, and sanitary housing for persons of low and moderate income at prices they can afford." Consistent with this purpose, CCHFC's rules state that CCHFC will accept financing applications for multifamily housing projects located only in Collin County, and it will only accept an application for a "multifamily housing project in a city where the Mayor of that city requests the financing in writing."

Similarly, GHFC's Amended and Restated Bylaws state that GHFC was formed to accomplish the "public purposes of, and on behalf of, the City of Garland (the 'Unit') (or a contiguous political subdivision or a contiguous county if acceptable to the Board of Directors of the Corporation), by financing the cost of residential ownership and development that will provide decent, safe and sanitary housing for residents of the Unit at prices they can afford." Although GHFC was formed to accomplish purposes similar to those for which CCHFC was formed, GHFC's local regulations do not require a similar approval of or request for financing, nor do they indicate that chapter 394 does not apply to property located in a municipality of more than 20,000 inhabitants. Indeed, GHFC's "rules, resolutions relating to the issuance of bonds, or financing documents relating to the

–11–

issuance of bonds" reflected in the record do not demonstrate that chapter 394 is not applicable to the Property, or that Plano's approval was required for chapter 394 to so apply. As such, the summary judgment evidence conclusively established GHFC's right to the tax exemption. Accordingly, we overrule CCAD's sole appellate issue.

## CONCLUSION

CCAD contends the Property is not exempt from ad valorem taxes under section 394.905 because the City of Plano did not approve the application of the chapter to the Property, as required by section 394.005. Having concluded there is no evidence Plano's approval was required under section 394.005, we overrule CCAD's sole issue. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

191417F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

COLLIN CENTRAL APPRAISAL
DISTRICT, Appellant

No. 05-19-01417-CV     V.

GARLAND HOUSING FINANCE
CORPORATION AND TX COLLIN
APARTMENTS, L.P., Appellees

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-03704-
2019.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee GARLAND HOUSING FINANCE CORPORATION AND TX COLLIN APARTMENTS, L.P. recover their costs of this appeal from appellant COLLIN CENTRAL APPRAISAL DISTRICT.

Judgment entered this 22nd day of February, 2021.