**Teresa Ward COOPER, Appellant,**

v.

**CITY OF DALLAS, Texas, Appellee.**

No. 05–06–00729–CV.

Court of Appeals of Texas, Dallas.

July 30, 2007.

Stephen L. Enda, Dallas, for Appellant.

Jason Daniel McClain, Barbara E. Rosenberg, Janice Smith Moss, Dallas, for Appellee.

Before Justices BRIDGES, MOSELEY, and MAZZANT.

## OPINION

Opinion by MAZZANT.

Teresa Ward Cooper appeals the district court's judgment affirming the decision of the administrative law judge to reinstate her to her position with the City of Dallas Police Department without back pay. Appellant brings nine issues contending the district court erred by (a) applying the substantial evidence standard of review, (b) excluding evidence that was not presented at the hearing before the administrative law judge, (c) improperly considering and applying the City's general orders, (d) improperly construing and applying the administrative record, and (e) not modifying the administrative law judge's order. We affirm the district court's judgment.

## BACKGROUND

Appellant was hired as a Dallas police officer in 1988. By 2002, appellant had reached the rank of sergeant. On October 7, 2002, appellant requested a leave of absence and applied for short-term disability benefits. On the form, appellant stated her disability was "stress and exhaustion." Her psychologist, Dr. Somodevilla, stated on the form that the "Specific Diagnosis" was "Generalized Anxiety Disorder." Appellant's short-term disability status was approved for six months, the maximum amount of time for short-term disability benefits.

The six months of short-term disability leave expired on April 6, 2003, and appellant did not report to work. Appellant's husband, Lieutenant Jay Cooper, wrote a note for appellant to Deputy Chief Daniel Garcia stating appellant had not been released to work and that she was seeing the psychologist on April 9. On April 9, Dr. Somodevilla wrote appellant a note stating she was not able to return to work and would need at least thirty more days. Garcia agreed to give appellant until May 11 to return to work.

When appellant had not returned to work by May 14, Garcia notified appellant that her unsatisfactory attendance, position abandonment, and inability to come to work violated the City's personnel rules and the police department's general orders. Garcia informed appellant there would be a pre-termination hearing on May 16 to give her the opportunity to respond and present documentation.

At the pre-termination hearing, appellant said she could not return to work and do the job. After the hearing, appellant was discharged from her position with the City for excessive absences, inability to come to work, and job abandonment. Appellant appealed her termination to the City Manager, who rescinded the allega-

tion that appellant abandoned her job but upheld her termination on the grounds of excessive absences and inability to return to work.

Appellant then appealed her termination to an administrative law judge, who held a hearing on February 19 and 20, 2004. At the conclusion of the hearing, the administrative law judge determined that appellant had violated the City's personnel rules through her inability to return to work, but he determined her termination was improper because there was no Internal Affairs Division investigation as required by the department's general orders. The judge ordered appellant reinstated into her previous status of being on leave without pay through at least March 1, 2004.

Appellant appealed the administrative law judge's decision to the district court. After a hearing, the court found there was substantial evidence to support the administrative law judge's decision, and the court denied appellant's requests for relief. Appellant now appeals the district court's decision to this Court.

## DISTRICT COURT'S STANDARD OF REVIEW

■ In her first issue, appellant contends the district court erred when it decided appellant's case under the "substantial evidence" standard. This Court has stated that the standard of review to be used by the district court for review of the City's decisions to terminate employees is the substantial evidence standard. *See Webb v. City of Dallas,* 211 S.W.3d 808, 815 (Tex.App.-Dallas 2006, pet. filed).

The City has not adopted the state civil service provisions. *See* TEX. LOCAL GOV'T CODE ANN. § 143.002 (Vernon Supp.2006); *see generally id.* §§ 143.001–.363 (Vernon 1999 & Supp.2006) (municipal civil service for firefighters and police officers). Instead, the City has its own civil service

provisions under its charter and ordinances. The charter and ordinances provide that after an employee's discipline is upheld by the City Manager, the employee may appeal to an administrative law judge. DALLAS, TEX., CHARTER ch. XVI, § 12.1; DALLAS, TEX., CODE § 34–40. The hearing before the administrative law judge is conducted in two phases. In Phase I, the administrative law judge determines by a preponderance of the evidence whether the employee committed a rule violation. DALLAS, TEX., CODE § 34–40(d)(1)(A)(i). If the administrative law judge determines there was a rule violation, then the hearing proceeds to Phase II. *Id.* § 34–40(d)(1)(A)(iii). In Phase II, the administrative law judge determines the appropriateness of the discipline imposed for the sustained rule violations. *Id.* § 34–40(d)(1)(B)(i). "[T]he administrative law judge may either sustain, reverse, modify, or amend the disciplinary action as is determined just and equitable, provided that the disciplinary action must be sustained if a reasonable person could have taken the same disciplinary action against the employee." *Id.* § 34–40(d)(1)(B)(ii). Either party may appeal the administrative law judge's decision to state district court. DALLAS, TEX., CHARTER ch. XVI, § 12(b); DALLAS, TEX., CODE § 34–40(f)(2)(A). "The appeal to the district court must be decided upon review of the record of the hearing." DALLAS, TEX., CODE § 34–40(f)(2)(B); *see also* DALLAS, TEX., CHARTER ch. XVI, § 12(b) ("the matter must be decided based upon the review of the record" of the hearing before the administrative law judge).

■ Appellant asserts that applying these provisions, the correct standard for the district court's review of the administrative law judge's decision is review of the record of the hearing and not the substantial evidence standard. Appellant's argument that "review of the record" is

incompatible with the substantial evidence standard is based on the assumption that the substantial evidence standard does not require review of the record. This assumption is mistaken. Under the substantial evidence standard, the reviewing court (the district court in this case) determines whether the agency's decision is reasonable based on the facts before the agency. *See Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984). The only way the reviewing court can learn the facts before the agency and determine whether the decision was reasonable is by reviewing the record. *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) ("The issue for the reviewing court is ... whether *the record* demonstrates some reasonable basis for the agency's action." (emphasis added)). An administrative decision may be sustained even when the evidence preponderates against it. *Mireles*, 9 S.W.3d at 131. Again, this determination can be made only by the reviewing court's review of the administrative record.

■ We conclude the substantial evidence standard is not incompatible with the charter and ordinance's requirement that the appeal to the district court be decided based upon review of the record of the hearing before the administrative law judge. Appellant cites no authority showing a standard of review other than the substantial evidence standard applies to appeals from an administrative law judge under the City's charter and ordinances. The appellate courts reviewing appeals to district court brought by disciplined employees of the City have stated that the district court applies the substantial evidence standard of review. *See Webb*, 211

S.W.3d at 815; *City of Dallas v. Hamilton*, 132 S.W.3d 632, 636 (Tex.App.-Eastland 2004, pet. denied); *City of Dallas v. Hammond*, 691 S.W.2d 827, 830–31 (Tex.App.-Fort Worth 1985), *rev'd on other grounds*, 712 S.W.2d 496 (Tex.1986); *Pope v. City of Dallas*, 636 S.W.2d 244, 247 (Tex.App.-El Paso 1982, no writ). We conclude the district court did not err in applying the substantial evidence standard.[1] We overrule appellant's first issue.

## SCOPE OF REVIEW

■ In her second issue, appellant contends the district court erred in refusing to consider evidence that was not before the administrative law judge.

In the hearing before the administrative law judge, appellant sought discovery of the time cards for all officers who, like appellant, had exhausted their discretionary leave but were unable to return to work. The City turned over the applicable time cards through 2002 but failed to provide the time cards for 2003. Garcia testified that time cards were not used in the police department after 2002 and that any time cards after 2002 were not the official time record. Appellant subsequently presented her exhibit 50 to the administrative law judge, which was a memorandum from Deputy Chief Villarreal reminding all personnel to review their 2003 time cards for accuracy. The administrative law judge observed that this exhibit "indicate[s] that they do have time cards and they're keeping them on each policeman." The administrative law judge sustained appellant's objection to not receiving the time cards and ruled that the City could not present certain evidence during Phase II of the proceeding.

---

1. Whether the agency's ruling is supported by substantial evidence is a question of law, and we review de novo the district court's application of the substantial evidence standard. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex.2006) (per curiam).

During the hearing before the district court, appellant attempted to introduce evidence of an Internal Affairs Division investigation of Garcia for falsely testifying that the police department did not use time cards after 2002. The investigation occurred after the hearing before the administrative law judge, and none of the materials related to the investigation were before the administrative law judge. Appellant also sought to introduce evidence of a settlement agreement between the police officer's union and the City, certain time cards, and newspaper and internet articles concerning a $125,000 sanction against the City in an unrelated case tried in Tarrant County. The district court excluded these materials.

Appellant asserts that the district court could look outside the record of the hearing before the administrative law judge to determine whether evidence was incredible, perjured, or unreasonable. *See Brinkmeyer*, 662 S.W.2d at 956 (reviewing courts need not consider evidence that is incredible, perjured, or unreasonable); *Webb*, 211 S.W.3d at 815–16 (citing *Brinkmeyer*). We disagree. The City's charter and ordinance require that the appeal in district court be decided "based upon the review of the record" of the hearing before the administrative law judge. DALLAS, TEX., CHARTER ch. XVI, § 12(b); DALLAS, TEX., CODE § 34–40(f)(2)(B). During the hearing before the district court, appellant had no right to present evidence that was not part of the record of the hearing before the administrative law judge. *See Baca v. City of Dallas*, 796 S.W.2d 497, 499 (Tex.App.-Dallas 1990, no writ) (limiting review to record of administrative hearing did not deprive employee of right to due process). We overrule appellant's second issue.

## ADMINISTRATIVE LEAVE

■ In her third issue, appellant contends the district court erred in determining that the administrative law judge's decision that appellant should not have been placed on administrative leave was supported by substantial evidence.

Appellant asserts she was entitled to be placed on administrative leave under general order 513.00(B), which states,

If one of the following conditions occur, the Commander will place the employee on Administrative Leave when:

5. The employee's mental capabilities are impaired due to injury, illness, alcohol abuse, drug abuse, or emotional distress.

During the hearing before the administrative law judge, appellant testified she was "on leave due to mental illness."

Appellant asserts she should have been placed on administrative leave when she applied for a leave of absence in October 2002. The record of the hearing before the administrative law judge does not show that appellant asked to be placed on administrative leave before she was terminated. Nor does the record show appellant expressly told the City that her "mental capabilities [were] impaired due to injury, illness, alcohol abuse, drug abuse, or emotional distress." Instead the record shows appellant requested a leave of absence and short-term disability benefits due to "stress and exhaustion" and "generalized anxiety disorder." Appellant presented no evidence showing "stress and exhaustion" and "generalized anxiety disorder" constitute emotional distress or any other category of problems for which a commander "will" place an employee on administrative leave.

Garcia and Assistant Chief of Police Randy Hampton testified appellant was not entitled to administrative leave because she did not fit the circumstances for administrative leave under general order

513.00. Garcia testified he did not place appellant on administrative leave because "I saw nothing to indicate to me that she was having mental problems or exhibiting any type of behavior at work that was interfering with her job performance. Her job performance was satisfactory. So I saw no indication for any reason for me to put her on administrative leave." Appellant testified she completed her work and that none of her coworkers or supervisors told her there were problems with her work product or her responsibilities or that she appeared to have a problem. When appellant was asked if she behaved irrationally at work, she stated that she "probably was very withdrawn." Hampton testified that administrative leave is used to remove an officer from active duty who may have committed "a violation" until completion of the necessary formal investigations to determine the officer's status.[2]

Garcia's and appellant's testimony shows appellant's behavior did not alert her commanders to the need to place her on administrative leave before she applied for a leave of absence. Accordingly, because appellant's commanders never realized she was suffering an illness or emotional distress, they were not required to place appellant on administrative leave. The evidence also shows that general order 513.00(B) did not apply after October 7, 2002 because appellant was not on active duty but was on leave. We conclude this evidence constitutes substantial evidence supporting the administrative law judge's decision and that the district court did not err in denying relief. We overrule appellant's third issue.

## MODIFICATION OF THE ADMINISTRATIVE LAW JUDGE'S ORDER

In her fourth, seventh, eighth, and ninth issues, appellant contends the district court erred in not entering an order modifying the administrative law judge's order.

### Reinstatement of Grievances

When appellant was terminated in May 2003, her pending grievances were dismissed. Appellant requested the administrative law judge to order appellant's grievances reinstated. The administrative law judge's order did not address this issue. Appellant requested the district court to modify the administrative law judge's order to reinstate the grievances. The district court's order did not address it except to deny relief.

The administrative law judge had the authority to "sustain or reverse the action of the city manager ... or modify and amend the action as the [administrative law judge] deems just and equitable under all the facts and circumstances of the particular case." DALLAS, TEX., CHARTER § 12(c). "[T]he action of the city manager" was upholding appellant's termination. Nothing in the record indicates the city manager considered the reinstatement of appellant's grievances. Accordingly, the administrative law judge could reasonably conclude the issue of appellant's grievances was not properly before it. Likewise, the district court did not err in declining to modify the administrative law

---

**2.** Hampton testified, "Usually, administrative leave is something we put someone on, for instance, if there's a violation that we've had an opportunity to prove up. And until we're able to conduct an official investigation, then we would place them on that till we get to that point.... [O]n administrative leave, we have someone that's committed a violation. They're not asked to be off. We're not going to allow until we complete the investigation." Concerning appellant's situation, Hampton testified, "This is not a situation where someone was asking to work and we put them on administrative leave. They were already off."

judge's order to address the issue of appellant's grievances.

### Right to 104 Weeks of Leave Without Pay

Appellant also requested the district court to modify the administrative law judge's order to provide that appellant is entitled to 104 weeks of leave without pay pursuant to a settlement agreement between the City and the Dallas Police Association. That settlement agreement was not part of the record of the hearing before the administrative law judge. As discussed above, because the settlement agreement was not part of the record of the hearing before the administrative law judge, the settlement agreement could not be considered by the district court.

Appellant also asserts the City did not inform appellant of the existence of the settlement agreement even though appellant had sought discovery of the City's leave policies. The record of the hearing before the administrative law judge, however, contains no evidence that the City failed to inform appellant of the existence of the settlement agreement.

We conclude the district court did not err by declining to modify the administrative law judge's order to provide appellant was entitled to 104 weeks of leave without pay.

### Memorandum of Ineligibility to Rehire

■ Appellant also requested that the administrative law judge's order be modified to require the City to remove from appellant's personnel file the recommendation of the Chief of Police that she was not eligible to be rehired. The record of the hearing before the administrative law judge contains no evidence that the Chief of Police placed in appellant's file a recommendation that she was not eligible to be rehired. Accordingly, the district court's

decision not to modify the administrative law judge's order is supported by the record of the hearing before the administrative law judge.

### Right to Select Physician for Fitness Evaluation

■ Appellant also requested that the administrative law judge's order be modified to provide that appellant had the right to select her own physician to perform the fitness for duty evaluation. Appellant asserts that modification is necessary because, after the administrative law hearing, appellant's physician stated that appellant could return to work, but the City refused to allow her to select the doctor to administer the fitness for duty evaluation. This factual statement was not based on the record of the hearing before the administrative law judge. Instead, appellant cites to her attorney's assertion of the fact during argument before the district court.

As discussed above, the district court's review is limited to the record of the hearing before the administrative law judge. Appellant did not request the administrative law judge to include in his order a provision stating that appellant could select the physician to perform the fitness for duty evaluation. Appellant's argument is that the modification of the order would resolve a conflict with the City that arose after the administrative law judge's hearing. Appellant does not explain why the administrative law judge's order omitting that detail is unsupported by substantial evidence. Nor does she explain why the administrative law judge was required to specify in the order whether appellant could select her own physician. We conclude the district court did not err by denying appellant's request to modify the administrative law judge's order to provide that appellant had the right to select the

physician to conduct the fitness for duty evaluation.

### Motion for Sanctions

Appellant also requested the district court to modify the administrative law judge's order to impose sanctions against the City. Appellant asserts she requested the administrative law judge to impose sanctions against the City for its failure to produce the 2003 time cards and that the administrative law judge failed to rule on the motion. Appellant then argued to the district court that it should modify the administrative law judge's ruling by imposing monetary sanctions on the City.

Appellant's brief does not cite to any place in the record of the hearing before the administrative law judge where appellant urged the administrative law judge to impose monetary sanctions against the City.[3] Nor did appellant's brief to the district court cite to where appellant requested the imposition of monetary sanctions. Because appellant has not shown she requested the administrative law judge to impose sanctions, the district court did not err by failing to modify the administrative law judge's order to impose sanctions against the City.

### Absent Without Leave

Appellant also requested the district court to modify the administrative law judge's order to remove the possibility of appellant's being classified as absent without leave because that status was not in accordance with the law.

Appellant asserts the settlement agreement between the City and the Dallas Police Association prohibited appellant from being classified as absent without leave under these circumstances. As discussed above, the settlement agreement was not part of the record of the hearing before the administrative law judge, and the district court did not err in excluding evidence of the agreement.

Appellant argues the order should be modified to place her on administrative leave pursuant to general order 513.00(B)(5). As explained above, however, appellant was not necessarily entitled to administrative leave under that provision. Furthermore, when the administrative law judge explained its ruling, appellant voiced no objection to the administrative law judge's decision that appellant would be absent without leave if she failed a fitness for duty examination.[4]

We conclude appellant has failed to show the district court erred in denying appellant's requests to modify the administrative law judge's order. We overrule the fourth, seventh, eighth, and ninth issues.

## REINSTATEMENT WITHOUT BACK PAY

■ In her fifth issue, appellant contends the district court erred in determining that substantial evidence supported the administrative law judge's decision not to

---

3. Appellant cites to page 117 of the clerk's record, but that page, which contains four pages of the transcription of the hearing before the administrative law judge, does not contain a request for sanctions.

4. The only modification of the administrative law judge's order appellant timely requested was that the period of time appellant would be absent with leave (through March 1, 2003

pursuant to the administrative law judge's ruling) be extended to allow appellant more time to consult her doctor. Appellant's attorney stated, "to give her a little more time if it's leave without pay, it's not costing the City anything. It's not like we're asking her to be paid. We're just giving her a longer vacation. It's time she'd be without pay anyway."

award appellant back pay when he ordered her reinstated.

Appellant asserts she was entitled to back pay pursuant to section 34–40(d)(1)(A)(ii) of the City's code, which provides that at the end of Phase I, "[i]f ... the administrative law judge determines that the employee committed none of the alleged rule violations, the employee will be reinstated *without penalty* ...." DALLAS CODE § 34–40(d)(1)(A)(ii) (emphasis added). This provision does not apply to appellant because, at the close of Phase I, the administrative law judge found that appellant had committed the alleged rule violation of inability to return to work.

■ Appellant also asserts she should have received back pay because it was "just and equitable." *See id.* § 34–40(d)(1)(B)(ii). At the time appellant was terminated, she had exhausted all of her paid and unpaid leave. In reinstating her, the administrative law judge returned appellant to the position she was in immediately before the termination, which was on leave without pay. Because appellant was on leave without pay before her termination and she was unfit for duty between her termination and reinstatement, she would not have earned any salary during the period between her termination and reinstatement. Accordingly, substantial evidence supports the administrative law judge's decision that reinstatement without back pay was just and equitable. Likewise, even if section 34–40(d)(1)(A)(ii) applied, appellant's reinstatement without back pay was "without penalty" because substantial evidence showed she would not have received any pay between her termination and reinstatement.

Appellant asserts that her reinstatement without back pay "was an effective suspension without pay" and that the City failed to follow the necessary procedures to suspend her without pay. We disagree with this assertion because the evidence before the administrative law judge showed appellant was unfit for duty and would not have earned any pay during the period between her termination and reinstatement.

Appellant also asserts she should have received back pay because, pursuant to general order 513.00, the City was required to place her on administrative leave. As discussed above, substantial evidence supported the administrative law judge's determination that the provision did not apply to appellant's situation.

We overrule appellant's fifth issue.

■ In her sixth issue, appellant contends the district court erred "when it did not return and restore Appellant to the paid status she was in at the time she was discharged." Appellant asserts that general orders 206.09 and 206.10 state that an employee ordered to attend a disciplinary hearing is on compensable time and paid status. Appellant asserts she was in attendance at the pre-termination hearing when she was terminated. Thus, she argues, if the administrative law judge intended to return her to the status immediately preceding her termination, he should have designated her status as paid instead of on leave without pay. Appellant also asserts that 29 C.F.R. § 553.221 required that appellant receive compensation. The record of the hearing before the administrative law judge does not show that any of these provisions were before him.[5] Ac-

5. The record of the hearing before the district court states general orders 206.09 and 206.10 were introduced before the district court as appellant's exhibits 53 and 54, re-

spectively. The record of the hearing before the administrative law judge contained appellant's exhibits 53 and 54, but those exhibits were, respectively, "a copy of Teresa Ward's

cordingly, appellant cannot show the administrative law judge acted unreasonably in failing to apply them. Because these general orders and the federal regulation were not part of the record of the hearing before the administrative law judge, the district court did not err in not applying them. We overrule the sixth issue.

We affirm the district court's judgment.

Internal Affairs Division officer resume'' and ''the Department's discipline guidelines for incidents of undocumented sick leave.'' Copies of general orders 206.09 and 206.10 are attached to appellant's district court petition and show those orders are, respectively, ''Earning Overtime or Compensatory Time and Authorization Level'' and ''Special Compensation (Court and Approved Functions During Off–Duty Hours).'' Clearly, these general orders were not the exhibits 53 and 54 admitted in the hearing before the administrative law judge. Nothing in the record of the hearing before the administrative law judge shows the federal regulation was before him.