ACCEPTED
04-15-00097-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/27/2015 12:23:45 PM
KEITH HOTTLE
CLERK

NO. 04-15-00097-CV

IN THE FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/27/2015 12:23:45 PM
KEITH E. HOTTLE
Clerk

* * *

BRIAN McENERY,

*Appellant*

V.

CITY OF SAN ANTONIO and CHIEF CHARLES N. HOOD,

*Appellees*

**MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

THE CITY OF SAN ANTONIO
Deborah Lynne Klein
State Bar No. 11556750
Office of the City Attorney
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, Texas 78205
(210) 207-8784
(210) 207-4357 (telecopier)
deborah.klein@sanantonio.gov

THE LAW OFFICE OF
JACQUELINE M. STROH, P.C.
Jacqueline M. Stroh
State Bar No. 00791747
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7416
(210) 477-7466 (telecopier)
jackie@strohappellate.com

FITZPATRICK & KOSANOVICH, P.C.
Mark Kosanovich
State Bar No. 00788754
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 207-7259
(210) 207-8997 (telecopier)
mark.kosanovich@sanantonio.gov

ATTORNEYS FOR APPELLEES, CITY OF SAN ANTONIO AND
CHIEF CHARLES N. HOOD

TO THE HONORABLE JUSTICES OF SAID COURT:

COME NOW, the City of San Antonio and Chief Charles N. Hood, Appellees in the above-entitled and numbered cause, and file this, their Motion to Dismiss Appeal for Lack of Jurisdiction, and, in support thereof, would respectfully show unto the Court the following:

## I.
### *Background and Summary*

On November 25, 2014, the trial court signed a Final Judgment in favor of the Defendants confirming the underlying arbitration decision and awarding all costs of court against Appellant Brian McEnery. (*CR 34-45, 113*) On that same day, McEnery filed a Request for Findings of Fact and Conclusions of Law; and, on December 24, 2014, McEnery filed a Motion for New Trial. (*CR 114-16, 117-20*) McEnery did not file his notice of appeal until February 23, 2015. (*CR 121-24*) Because neither a request for findings and conclusions nor a motion for new trial could extend the time to appeal, McEnery's notice of appeal came too late; and this Court must dismiss for lack of jurisdiction.

Specifically, neither a request for findings of fact and conclusions of law nor a motion for new trial were appropriately directed to the trial court – which sat, not as a fact finder, but as a reviewing tribunal asked to determine the legal question of whether the arbitration decision could stand under a substantial evidence standard of review. Because McEnery's post-judgment filings were, in effect, nullities, they

2

could not extend the time for perfecting an appeal. As a result, McEnery's notice of appeal, filed more than 30 days after the trial court's Final Judgment, is untimely and cannot vest the Court with jurisdiction over his appeal.

## II.
### *Argument and Authorities*

**A. A Notice of Appeal Generally Falls Due 30 Days After the Judgment Is Signed**

Generally speaking, a notice of appeal is due to be filed within 30 days after the judgment is signed. TEX. R. APP. P. 26.1. An appellate court may extend the time to file an appeal, but only if the notice of appeal and/or a motion to extend the time to file the notice is itself filed within 15 days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. Here, the Final Judgment was signed on November 25, 2014. (*CR 113*) As a result, the notice of appeal was due to be filed Monday, December 29, 2014. *See* TEX. R. APP. P. 4.1(a) ("The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday."). Appellant McEnery never requested any extension and did not file a notice of appeal until February 23, 2015. (*CR 121-24*) Even with the potential extension period applied, McEnery's notice of appeal was late.

3

**B.**   **A Request for Findings of Fact and Conclusions of Law Does Not Extend the Time to Appeal from a Trial Court's Review of an Arbitration Decision under a Substantial Evidence Standard**

One assumes that Appellant McEnery is relying on the request for findings of fact and conclusions of law and/or on the motion for new trial he filed in the trial court to extend the time to perfect an appeal pursuant to Rule 26.1(a). In some instances, a timely motion for new trial or request for findings of fact and conclusions of law extends the time to file an appeal to 90 days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1), (4). But any reliance by McEnery on his post-judgment filings to extend the time to appeal in the context of this case would be wholly misplaced.

Though McEnery requested that the trial court issue findings of fact and conclusions of law, his request was improper given the trial court's limited role in this proceeding, *i.e.*, to review the arbitration decision in an appellate capacity under the substantial evidence standard. *See* TEX. R. CIV. P. 296 ("In any case *tried in the district or county court without a jury*, any party may request the court to state in writing its findings of fact and conclusions of law.") (emphasis added). In reviewing an arbitration decision under that standard, a trial court makes no factual determinations; rather, it resolves a question of law and does so in an appellate capacity. *See, e.g., Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) ("[W]hether there is substantial evidence to support an

4

administrative decision is a question of law."); *Cooper v. City of Dallas*, 229 S.W.3d 860, 864 n.1 (Tex. App. – Dallas 2007, pet. denied) (holding that police officer's challenge to ALJ's decision to reinstate him without back pay was subject to substantial evidence review and, thus, presented a question of law); *In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 587 (Tex. App. – San Antonio 2006, orig. proceeding) ("Review under the substantial evidence rule presents purely a legal issue, and a trial of the fact issues by a judge or jury is avoided."); *Valentino v. City of Houston*, 674 S.W.2d 813, 820 (Tex. App. – Houston [1st Dist.] 1984, writ ref'd n.r.e.) ("The very nature of review under the substantial evidence rule inherently precludes the necessity of filing findings of fact. Indeed, there are no 'facts' to be found by the trial court; that reviewing body must defer to the fact-finding of the administrative body and limit its inquiry simply to whether there exists substantial evidence to reasonably support the particular order. Thus, the question presented to the district court is one of law, not of fact."); *Tilley v. Rogers*, 405 S.W.2d 220, 222 (Tex.Civ.App. – Beaumont 1966, writ ref'd n.r.e.) (holding that determination regarding whether substantial evidence supported municipal action was legal conclusion, rendering it unnecessary for court to file findings of fact and conclusions of law as would be required in ordinary civil suit), *citing Thomas v. Stanolind Oil & Gas Co.*, 145 Tex. 270, 198 S.W.2d 420, 421 (1946) (whether substantial evidence affords reasonable support for findings and orders of

administrative agency is question of law); *see also G.E. American Communication v. Galveston Central Appraisal Dist.*, 979 S.W.2d 761, 765 (Tex. App. – Houston [14th Dist.] 1998, no pet.) (holding that, even when review is under hybrid "substantial evidence do novo" standard and even when new evidence is introduced at the review hearing, "review is purely a question of law, and the proceeding is truly an appeal").

When a party files a request for findings and conclusions that is inappropriate, the document does not extend the time for perfecting an appeal. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("Because findings of fact and conclusions of law have no place in a summary judgment proceeding, the timetable was not extended."); *Galindo v. Texas Workforce Comm'n*, No. 05-11-01627-CV, 2012 WL 1470153, *1 (Tex. App. – Dallas, Apr. 26, 2012, no pet.) (mem. op.) ("Findings of fact and conclusions of law in an appeal from a TWC decision denying unemployment benefits, however, are neither required by the rules of civil procedure nor properly considered by the appellate court"; because the time to appeal was not extended, notice of appeal was untimely; and appeal was dismissed for lack of jurisdiction); *Madisonville Consol. Indep. Sch. Dist. v. Texas Employment Comm'n*, 821 S.W.2d 310, 314 (Tex. App. – Corpus Christi 1991, writ denied) (holding that "whether there is substantial evidence to support the Commission's decision is purely a question of law. . . . Therefore, even if

requested, the trial court need not and should not file findings of fact and conclusions of law following the rendition of judgment in an administrative appeal.").

Not only did McEnery's petition present a question of law to the trial court, but it did so in the trial court's capacity as an appellate tribunal. As a result, McEnery's request for findings and conclusions did not extend the time to take an appeal, leaving December 29, 2014 as the deadline for McEnery to have filed his notice. His notice of appeal, which was not filed until February 23, 2015, came too late; and this Court lacks jurisdiction. *Berburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

**C.     Similarly, a Motion for New Trial Cannot Extend the Time for Perfecting an Appeal When the Trial Court Acts in an Appellate Capacity**

Just as with the request for findings and conclusions filed by McEnery, a motion for new trial is inappropriate and, indeed, a nullity following the trial court's ruling in what can only be seen as an appellate capacity, *i.e.*, in reviewing the arbitration award under the substantial evidence standard. The trial court had no obligation – and, indeed, no authority – to consider and grant a motion for new trial in this context. Rather, that function (along with the issuance of findings of

7

fact and conclusions of law) is one performed by courts that try cases in the first instance. *See, e.g., D/FW Commercial Roofing Co., Inc. v. Mehra*, 854 S.W.2d 182, 189 (Tex. App. – Dallas 1993, no writ) (explaining that primary purpose of motion for new trial is to give trial judge opportunity to cure any errors *by granting a new trial*); *Texas Dep't of Public Safety v. Shelberg*, No. 13-04-00100-CV, 2005 WL 1981488, *1 (Tex. App. – Corpus Christi, Aug. 18, 2005, no pet.) (mem. op.) ("'the administrative law judge-not the trial court-is the fact finder in an administrative hearing"); *see also* TEX. R. CIV. P. 320, *et seq.* (referring to grant of new trial by court in which matter was heard initially).

This case was *tried* to an arbitrator, and suit was filed in district court to *review* the arbitrator's decision under the substantial evidence standard. *See, e.g.,* TEX. LOC. GOV'T CODE § 214.0012(f) (referencing district court's substantial evidence review of municipal order on substandard nature of structure as "appeal"); *Cooper*, 229 S.W.3d at 864 (referencing challenge of decision by police officer to district court under substantial evidence standard of review as an "appeal"); *In re Edwards Aquifer Auth.*, 217 S.W.3d at 588 (referencing challenge to Authority's permitting order under substantial evidence standard as "an appeal"). As a result, rules providing for the filing of a motion for new trial following a trial by the district court in the first instance do not apply and do not extend the time to perfect an appeal.

8

In an analogous circumstance, the Fort Worth Court of Appeals recognized the impropriety of filing a motion for new trial and the ineffectiveness of any such filing. Specifically, in *Swain v. State*, 319 S.W.3d 878, 878-79 (Tex. App. – Fort Worth 2010, no pet.) (per curiam), an individual who had appealed unsuccessfully his conviction by a municipal court of record to the county criminal court thereafter attempted to file a motion for new trial with the county court. The *Swain* court recognized that the county court was exercising appellate jurisdiction and that the granting of a motion for new trial lies within the discretion of the court that tried the case in the first instance. *Id.* at 880 ("It is well established that the granting or denying of a motion for new trial lies within the discretion of the *trial court*.") (emphasis in original).

As a result, the *Swain* court held that the motion for new trial was a nullity and could not extend the time to perfect an appeal, requiring the court to dismiss the appeal for lack of jurisdiction. 319 S.W.3d at 880, *citing Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *see also Rogers v. State Board of Public Accountancy*, 310 S.W.3d 1, 4 n.4 (Tex. App. – Austin 2008, no pet.) (explaining that Rule 324(b) did not apply in context of judicial review of Board's order under substantial evidence standard).[1]

_____

[1] Appellee acknowledges the Court's decision in *Texas Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 137-38 (Tex. App. – San Antonio 1999, pet. denied), in which the Court permitted a motion for rehearing to extend the time to take an appeal from the trial court's judgment upon

Thus, McEnery's motion for new trial likewise was a nullity and could not extend the timeline for perfecting an appeal. *See, e.g., Hammack v. State*, 963 S.W.2d 199, 200-01 (Tex. App. – Austin 1998, no pet.) ("Hammack was not entitled to move for a new trial following the district court's decision to defer adjudication, and his motion for new trial was a nullity. . . . The filing of the motion for new trial did not extend the time for filing notice of appeal under either rule 26.2(a)(2) or former rule 41(b)(1)."), *citing State v. Davenport*, 866 S.W.2d 767, 770 (Tex. App. – San Antonio 1993, no pet.). As a result, McEnery's notice of appeal was due thirty days after the trial court signed its final judgment. *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal must be filed within thirty days after court enters appealable order). Because McEnery filed his attempted appeal too late, the Court lacks jurisdiction. *Payne v. Torres*, No. 04-12-00017-CV, 2012 WL 752019, *1 (Tex. App. – San Antonio, Mar. 7, 2012, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where notice of appeal was late "[e]ven considering the maximum extended period allowed under the rules"). The Court should dismiss this appeal.

---

review of an administrative ruling under the substantial evidence standard. Even assuming the correctness of that holding, here, however, Appellant McEnery filed only a motion for new trial. (*CR 117-20*) He did not file a motion for rehearing or a motion to modify, correct, or reform the judgment. (*CR 117-20*) Indeed, repeatedly throughout the motion for new trial, McEnery limited his requested relief to a "new trial." (*CR 117-20*) The district court could never have held a trial, old or new, because it was acting in an appellate capacity only. As a result, the motion for new trial could not extend the time to perfect an appeal.

WHEREFORE, PREMISES CONSIDERED, Appellees the City of San Antonio and Chief Charles N. Hood respectfully request that the Court grant their Motion to Dismiss Appeal for Lack of Jurisdiction, dismiss McEnery's appeal for lack of jurisdiction, and grant Appellees such other and further relief to which they are entitled.

Respectfully submitted,

THE CITY OF SAN ANTONIO
Deborah Lynne Klein
State Bar No. 11556750
Office of the City Attorney
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, Texas 78205
(210) 207-8784
(210) 207-4357 (telecopier)
deborah.klein@sanantonio.gov

THE LAW OFFICE OF
JACQUELINE M. STROH, P.C.
Jacqueline M. Stroh
State Bar No. 00791747
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7416
(210) 477-7466 (telecopier)
jackie@strohappellate.com

FITZPATRICK & KOSANOVICH, P.C.
Mark Kosanovich
State Bar No. 00788754
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 207-7259
(210) 207-8997 (telecopier)
mark.kosanovich@sanantonio.gov

By: /s/ Jacqueline M. Stroh
Jacqueline M. Stroh

ATTORNEYS FOR APPELLEES, CITY OF SAN ANTONIO AND
CHIEF CHARLES N. HOOD

11

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Appellant, Mr. Floyd Contreras regarding this motion; and Mr. Contreras stated that Appellant is opposed.

/s/ Jacqueline M. Stroh
Jacqueline M. Stroh

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing motion was on this the 27th day of April, 2015, served on the following counsel of record in accordance with the Texas Rules of Appellate Procedure:

Ronald B. Prince
Floyd Steven Contreras
Prince Contreras PLLC
417 San Pedro Avenue
San Antonio, Texas 78212
ron@princecontreras.com
floyd@princecontreras.com
*Attorneys for Appellant*

Mr. Ricky J. Poole
Law Office of Ricky J. Poole
The Forum Building
8000 IH-10 West, Suite 600
San Antonio, Texas 78230
rpoole@alamocityattorney.com
*Attorney for Intervenor*

/s/ Jacqueline M. Stroh
Jacqueline M. Stroh
