# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2017

Lyle W. Cayce
Clerk

TERESA WARD COOPER,

Plaintiff-Appellant

v.

CITY OF DALLAS, TEXAS; KIMBERLY OWENS, Individually and in Her
Official Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1330

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Teresa Ward Cooper seeks leave to proceed in forma pauperis (IFP) in appealing the district court's grant, in part, of summary judgment to the defendants and dismissing her federal and state tort claims, except for her claims involving a 2012 decision of a City of Dallas Civil Service Commission Administrative Law Judge (ALJ). Cooper also challenges the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision to deny her motion to remand filed immediately following the removal of the case to the federal court.   By moving to proceed IFP, Cooper is challenging the district court's certification that her appeal was not taken in good faith because it is frivolous.  *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

In asserting that the district court erred in failing to grant her motion to remand her petition to the state court following the removal of the action, Cooper contends that the petition alleged predominately state claims.   The district court had original jurisdiction over the federal claims at the time that she sought the remand to state court and, therefore, it could exercise supplemental jurisdiction over the factually related state law claims.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 167-72 (1997).  The district court did not abuse its discretion in denying the motion to remand because it properly considered the factors in § 1367(c) along with the factors of judicial economy, convenience, fairness, and comity in determining that it would retain jurisdiction over the state claims. *See Arena v. Graybar Elec. Co., Inc.,* 669 F.3d 214, 221 (5th Cir. 2012); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009).  Thus, the district court's denial of the motion to remand does not raise a nonfrivolous issue for appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

In challenging the district court's partial grant of the defendants' motion for summary judgment and dismissal of her claims based on res judicata, Cooper argues that the defendants relied on the wrong procedural vehicle and also were judicially estopped from raising the res judicata defense.  The district court's grant of the defendants' motion for summary judgment is reviewed de novo.  *See Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).  Cooper's

argument that the defendants were required to raise the claim of res judicata in a FED. R. CIV. P. 12(b)(6) motion is frivolous. *Cf. Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000).

The defendants presented evidence that the doctrine of res judicata was applicable. There was proof of a final judgment by a state court with competent jurisdiction and there was an identity of the parties and those in privity with them because the City was a defendant in both actions and could represent the interests of its employee defendant Kimberly Owens. *See Cooper v. City of Dallas*, 229 S.W.3d 860 (Tex. App. 2007); *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). Further, the claims in the instant case and in the earlier state court action all arose out of Cooper's termination from the Dallas Police Department and, therefore, should have been and could have been litigated in the same lawsuit. *See Amstadt*, 919 S.W.2d at 652; *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1341-42 (5th Cir. 1996).

The transcript of the state court trial supports the defendants' assertion that their position taken in the instant case was not contrary to their arguments made in the state court case. In the state proceeding, Cooper's counsel agreed that the proceeding was limited to the appeal from the administrative decision, and counsel did not seek to add additional causes of action. The transcript does not reflect that the defendants argued that Cooper was precluded from raising additional causes of action. Cooper has not produced any evidence to support her argument that the defendants are judicially estopped from raising the defense of res judicata. *See Hall v. GE Plastic PTE LTD*, 327 F.3d 391, 395 (5th Cir. 2003). Thus, the district court did not abuse its discretion in granting summary judgment in the defendants' favor and dismissing Cooper's claims, except for the claims involving the 2012 administrative decision, based on res judicata. *See Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 256-57 (1986). This claim does not raise a nonfrivolous issue for appeal. *See Howard,* 707 F.2d at 220.

Regarding Cooper's challenge to the district court's dismissal of the state tort claims, generally, the federal court will decline to exercise jurisdiction over pendent state law claims when the federal claims are dismissed or eliminated prior to trial; however, this rule is not mandatory and depends on the specific circumstances of the case. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). The district court's decision to dismiss Cooper's state law claims of libel and slander served the interests of judicial economy and convenience of both the federal and state courts and was not unfair to the interests of either party. *See id.* Cooper has not come forth with any evidence showing that the district court abused its discretion in addressing and dismissing the state law claims. *See Anderson,* 477 U.S. at 256-57. This claim does not raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Cooper has failed to show that she will raise a nonfrivolous issue on appeal. *See Howard,* 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

4